﻿Citation Nr: AXXXXXXXX
Decision Date: 12/04/18 Archive Date: 12/04/18

DOCKET NO. 180723-183
DATE: December 4, 2018
ORDER
An effective date prior to October 27, 2015, for the grant of service connection for posttraumatic stress disorder (PTSD) is denied. 
FINDINGS OF FACT
1. The Veteran had active duty service in the Marine Corps from July 2008 to July 2012.
2. The Veteran filed an initial claim for symptoms of insomnia in July 2012 but did not timely appeal the August 2013 rating decision which denied the claim. He submitted a claim for PTSD on October 27, 2015, which was ultimately granted and forms the basis of the current effective date. 
CONCLUSION OF LAW
The criteria for an effective date earlier than October 27, 2015, for the grant of a service connection for PTSD have not been met. 38 U.S.C. §§ 5103, 5103A, 5110 (2012); 38 C.F.R. § 3.400 (2017). 

REASONS AND BASES FOR FINDINGS AND CONCLUSION
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. 
For cases in which a hearing before the Board of Veterans’ Appeals is not requested in the notice of disagreement and no request was made to submit evidence, the evidentiary record before the Board shall be limited to the evidence of record at the time of the decision of the agency of original jurisdiction on appeal. 38 U.S.C. § 7113(a).
In addition, in October 2018, the Veteran filed a timely notice of disagreement (NOD) with a September 2018 rating decision. These appeals have been acknowledged by the RO and are in the process of development. As such, the Board takes no action on any other claims at this time.
Generally, except as otherwise provided, the effective date of an award of compensation based on an original claim will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. §5110(a); 38 C.F.R. § 3.400. The date of entitlement for an award of service connection will be the day following separation from active service or the date entitlement arose if the claim is received within one year after separation from service. Otherwise, the effective date will be the date of receipt of the claim, or the date entitlement arose, whichever is later. 38 C.F.R. § 3.400(b)(2)(i).
Historically, the Veteran filed his initial claims for hypertension, insomnia, and a fractured femur the day after he separated from service. When asked how his disabilities were related to service, he reported that he had trouble sleeping but did not know what the cause of it was and that he did not have any issues sleeping or feel any type of high stress environment until he went overseas. 
As part of the development of the insomnia claim, the Veteran underwent a VA examination in July 2013. The examiner diagnosed adjustment disorder with mixed anxiety and depressed mood and noted that the Veteran complained of, among other things, chronic sleep disturbances. Nonetheless, the claim for insomnia was denied in August 2013 because he did not have a diagnosis of insomnia. He did not appeal and that decision became final.
On October 27, 2015, the Veteran filed a claim for PTSD which he attributed to an in-service motor vehicle accident. He complained of, among other things, periods of sleep where he felt he had been resting for hours but it had only been a few minutes. The RO granted the claim in April 2016 and listed the issue as PTSD (also claimed as sleep disturbance). The RO assigned October 27, 2015, as the effective date.
The Veteran contends that the correct effective date for the award should be either July 2012 when he filed a claim for insomnia, or July 2013 when he was diagnosed with a psychiatric disorder in a VA examination. 
The threshold question is when did the Veteran file a claim for the now-service-connected PTSD. An effective date of July 2012 is not warranted because, although he filed a claim for insomnia within one year of service separation, he did not file a claim for PTSD at that time. Moreover, he did not appeal the August 2013 denial of insomnia and that decision became final. Therefore, there is no basis to assign an effective date of July 2012.
An effective date of July 2013 is not warranted because the Veteran was not diagnosed with PTSD at the time of the VA examination. While he was diagnosed with an adjustment disorder which included a chronic sleep disturbance component, he did not file a claim for PTSD until more than two years later. Therefore, there is no basis to assign an effective date of July 2013.

Therefore, the effective date will be the later of either i) the date of the claim, or ii) the date entitlement arose. Although he was not diagnosed with PTSD until a December 2015 VA examination, it is reasonable to assume that the symptoms that lead to the diagnosis of PTSD did not magically appear on the day of the examination but were present at least for some period prior to that time. Even assuming symptoms consistent with PTSD prior to December 2015, he filed the claim in October 2015, which would be the later of the two dates. Therefore, October 27, 2015, is the appropriate effective date.
Finally, the Veteran has not raised any other issues, nor have any other issues been reasonably raised by the record, for the Board’s consideration. See Doucette v. Shulkin, 28 Vet. App. 366, 369-370 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).
 
L. HOWELL
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD D. Hamilton, Associate Counsel